UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDEE YARDLEY,<br><br>               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. SACV 16-01345-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Plaintiff Wendee Yardley ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and disability insurance benefits ("DIB").[1] For the reasons stated below, the decision of the Commissioner is REVERSED.

## II.    PROCEEDINGS BELOW

On February 27, 2013, Plaintiff filed a Title II application for DIB alleging disability beginning December 12, 2012. (Administrative Record ("AR") 60-61.)

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill, the current Acting Commissioner of Social Security, is hereby substituted as the defendant herein.

Her application was denied on August 16, 2013. (AR 74.) On October 6, 2013, Plaintiff filed a written request for hearing, and a hearing was held on September 16, 2014. (AR 41, 79.) Plaintiff appeared and testified without counsel, along with an impartial vocational expert. (AR 43-58.) On October 29, 2014, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[2] since December 12, 2012. (AR 35-36.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on July 18, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 12, 2012, the alleged onset date ("AOD"). (AR 28.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative disease of the lumbar spinal area and chronic obstructive pulmonary disease ("COPD"). (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 29.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [L]ift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk up to six hours in an eight-hour workday, and sit without restriction, with no more than frequent postural activities, and no concentrated exposure to dusts, fumes, odors, and other environmental irritants.

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

(AR 30.)

At **step four**, based on the Plaintiff's RFC and the VE's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as an escrow officer and a payment processor, and therefore the ALJ did not proceed to **step five**. (AR 34.) Accordingly, the ALJ found that Plaintiff had not been under a disability from the AOD through the date of decision. (AR 35.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court

may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises five issues for review: (1) whether the ALJ erred in ruling out presumptive disability due to COPD; (2) whether the ALJ erred in finding that Plaintiff's combined impairments did not equal a listed impairment; (3) whether the ALJ improperly discredited Plaintiff's allegations and testimony; (4) whether the ALJ improperly discredited a report from Plaintiff's daughter; and (5) whether the ALJ erred in assigning weight to the opinions of a treating physician and an examining physician.. (Joint Submission ("JS") at 3.) For the reasons below, the Court agrees with Plaintiff on the issue of her discredited testimony and remands on that ground.

### A. The ALJ's Credibility Determination Is Not Supported By Substantial Evidence

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective allegations and testimony. (JS at 12-14.) The Commissioner disagrees. (*See id*. at 14-20.)

#### 1. Plaintiff's Testimony

At the administrative hearing, Plaintiff testified that her disability began in May 2012 after she had "shooting pains going down [her] legs." (AR 46.) A doctor took x-rays and determined that her leg pains were due to back problems. (*Id.*) Plaintiff testified that she then received therapy, epidural shots, and nerve blocks. (*Id.*) Plaintiff testified that she also saw a spine specialist and a spine surgeon. (*Id.*) The surgeon diagnosed Plaintiff with severe spinal stenosis, which required back surgery. (*Id.*)

Plaintiff testified that in August 2012, she told her employer that she needed

4

surgery, and she was placed on short-term disability for six months. (AR 46-47.) Plaintiff was living in Arizona and did not have any family in the state, so her daughter helped her move back to California to have her surgery. (*Id.* at 46.) After Plaintiff's December 12, 2012 back surgery, she did physical therapy at home and continued to have "major pain." (*Id*. at 47.)

Plaintiff testified that her back continues to hurt after the surgery. (AR 47.) Plaintiff testified that she is able to brush her teeth and wash her face, but she "ha[s] trouble" because "it's painful." (*Id.*) Plaintiff testified that "any kind of physical activity, turning, bending, sitting for long periods of time, [and] standing" causes her "major, major pain to the point where [she] end[s] up in bed." (*Id.*) Plaintiff testified that she is only comfortable when she is lying down. (*Id.*) Plaintiff testified that "any kind of physical activity whatsoever," including bending over to pick something up, causes her pain. (*Id.*)

Plaintiff testified that she has problems breathing and was diagnosed with emphysema and COPD. (AR 47-48.) Plaintiff testified that her breathing problems are "very difficult," and she is "very short of breath" when getting out of the shower. (*Id*. at 48.) Plaintiff testified that she coughs a lot, which also hurts her back. (*Id.*) Plaintiff stopped smoking after her back surgery, "with the exception of occasionally," if someone visits and smokes. (*Id.*)

Plaintiff testified that after she was hospitalized for pneumonia, a pulmonologist also diagnosed her with a fungal mold infection. (AR 48-49.) Plaintiff testified that she is taking anti-fungal medication, but that is not preventing her from working. (*Id.* at 49.)

Plaintiff testified that she takes "quite a bit of medications," including steroids, and many of the medications prevent her from driving. (AR 49.)

Plaintiff testified that she can lift and carry about 10 pounds without difficulty. (AR 50.) Plaintiff can sit for about 30 minutes before her back begins to "ache and hurt." (*Id.*) Plaintiff testified that when that happens, she needs to stand

up and "move a little bit," for about 15 or 20 minutes, before she can sit down again "for a few more minutes." (*Id.*) Plaintiff testified that she can stand for 30 minutes "at the most" before she needs to lie down for two hours. (*Id.* at 51.) Plaintiff testified that she is unable to perform postural activities and can infrequently use stairs. (*Id.* at 51-52.) Plaintiff testified that she can occasionally push and pull, but it hurts her back. (*Id.* at 52.)

Plaintiff testified that her level of pain in her lower back is at a seven or eight, and it gets worse if she tries to do any activity. (AR 52.)

### 2. Applicable Legal Standards

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id.* The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 3. Discussion

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (AR

6

31.) The ALJ relied on the following reasons: (1) Plaintiff's course of treatment; (2) Plaintiff's work history; and (3) lack of objective medical evidence to support the alleged severity of symptoms. (*Id*. at 32-33.) No malingering allegation was made, and therefore, the ALJ's reasons must be "clear and convincing."

### a. Reason No. 1: Plaintiff's Course of Treatment

The ALJ found that Plaintiff's course of treatment did not support her allegations. (AR 32.) An ALJ may discount a claimant's testimony based on routine and conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting a plaintiff's complaint "that she experienced pain approaching the highest level imaginable" as "inconsistent with the 'minimal, conservative treatment' that she received").

Regarding Plaintiff's COPD and breathing issues, the ALJ noted that in November 2013, Plaintiff reported that she "felt better" and was "breathing well" with medications, and she did not complain of chest pain or shortness of breath. (AR 33.) To support these findings, the ALJ erroneously cites, in part, Plaintiff's February 2013 records of treatment for bronchitis. (AR 33; *see* AR 490, 495.) The ALJ noted that Plaintiff was hospitalized and treated for an acute pneumonia infection in February 2014, and she felt "profoundly better" after completing her antibiotics in March 2014. (AR 33; *see* AR 697-704, 723-25.) Additionally, the ALJ noted that an April 2014 imaging study revealed "interval resolution of the previously noted ground-glass infiltrates in the upper lobes bilaterally" and "interval improvement with near complete resolution of the previously noted patchy infiltrates in the lower lobes, lingual and right middle lobe." (AR 33; *see* AR 758.) But this record, too, states that the reason for the exam was pneumonia, and the results were compared to two studies from February 2014—including one performed the day that Plaintiff was hospitalized for pneumonia (*see* AR 697)—and

one from December 2013. (AR 758.) These observations about Plaintiff's health improving after other illnesses do not provide substantial evidence to support that Plaintiff's COPD was also improving with treatment.

The ALJ noted that during a November 8, 2013 examination, Plaintiff was reportedly "feeling better" and "currently breathing well." (AR 33; *see* AR 745.) However, by November 26, 2013, Plaintiff had an increased cough. (AR 742-43.) At a December 5, 2013 examination, Plaintiff reported "worsening respiratory symptoms" and was taking Advair, Tudorza, ProAir, Atrovent, Flornase, and Levalbuterol, among other medications. (AR 739.) Her physician prescribed additional medications, including Prednisone, and noted that once Plaintiff's insurance was upgraded, she would be referred to pulmonary rehab. (*Id.* at 742.) Based on the Court's review of the administrative record, it concludes that the ALJ did not properly consider the entirety of Plaintiff's treatment records during this period. *See Holohan*, 246 F.3d at 1207 (finding the ALJ erred by selectively picking some entries in the medical record while ignoring others); *Costa v. Berryhill*, 700 F. App'x 651, 653 (9th Cir. 2017) (noting that an ALJ is not permitted to "cherry-pick from mixed results" when reviewing a claimant's response to treatment (citing *Garrison v. Colvin*, 759 F.3d 995, 1017 & n.23 (9th Cir. 2014))).

Regarding Plaintiff's back impairment, the ALJ noted that Plaintiff received pain medications and epidural injections, and Plaintiff's symptoms "improved with treatment." (AR 33.) Treatment records from before Plaintiff's surgery indicate that Plaintiff was prescribed narcotic and opioid painkillers, including Oxycodone, Percocet, Dilaudid, and Norco. (*Id.* at 253, 273, 433.) Plaintiff received temporary relief from nerve block injections in October 2012, but returned for additional treatment. (*Id.* at 431, 433.) Before Plaintiff's back surgery, records indicate that she "failed all conservative management including injections, chiropractic treatment, and physical therapy." (*Id.* at 457.)

The ALJ also observed that, after Plaintiff's surgery, "[t]he record does not contain evidence of additional surgery, injections, or therapy." (AR 33.) Although the ALJ may consider a lack of medical evidence when discounting pain testimony, it cannot be the sole basis for an adverse credibility determination. *See Burch*, 400 F.3d at 681.

The Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's subjective testimony.

### b. Reason No. 2: Plaintiff's Work History

The ALJ noted that Plaintiff testified that she stopped working in 2012 due to back pain (*see* AR 46-47), but she told an evaluating physician "that she stopped working when her former employer 'went bankrupt.'" (AR 33.) The ALJ misstates the record. The evaluative report states:

> The claimant functioned as an escrow officer for 35 years. The company went bankrupt several years ago and she lost her 401K and eventually her home because of bankruptcy. She began to develop severe pains in her lower extremities in January 2012. She had surgery . . . in December 2012.

(AR 681-82.) This report does not state that Plaintiff said she "stopped working when her former employer 'went bankrupt.'" Additionally, as the ALJ noted during Plaintiff's testimony, Plaintiff had a small amount of income in 2013. (AR 46-47.) Plaintiff explained that her employer placed her on six months of short-term disability after she announced in August 2012 that she would need surgery. (*Id.*) The ALJ erred by discrediting Plaintiff due in part to a mischaracterization of the record. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (error for an ALJ to ignore or misstate the competent evidence in the record in order to justify his conclusion).

The ALJ also noted that "[i]t does not appear that the claimant has looked for work since moving to California," and "[t]his evidence suggests the claimant's continuing [un]employment may be attributable, at least in part, to non-medical

9

factors." (AR 33.) A poor work history may constitute a proper reason for discounting a claimant's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding ALJ's finding that claimant had "extremely poor work history" and showed "little propensity to work in her lifetime . . . negatively affected her credibility"). Here, however, Plaintiff's work history does not demonstrate "little propensity to work." To the contrary, the ALJ observed that Plaintiff "has had income at the substantial gainful activity level . . . since 1999, the past 15 years through and until 2012, except for one year in 2009." (AR 53.) Moreover, Plaintiff testified that she moved back to California in 2012, with the help of her daughter, because she had no family living with her in Arizona when surgery was recommended. (*Id*. at 46.) Plaintiff then underwent the recommended back surgery in December 2012. (*See id*. at 47, 444-45, 456-58.) Although the ALJ noted that the record does not contain evidence of additional treatment for her back thereafter (*id*. at 33), Plaintiff continued to complain of symptoms related to her COPD, which the ALJ deemed a "severe impairment" (*see, e.g.*, AR 739, 742). The fact that Plaintiff did not look for work while allegedly disabled is consistent with her allegations of disability. *Cf. Fregoso v. Astrue*, 2012 WL 2195655, at *4 (C.D. Cal. June 14, 2012) ("[P]laintiff's testimony at the hearing that she had been looking for work was inconsistent with plaintiff's assertions that she suffers from disabling impairments which preclude her from working at all."), *aff'd* (9th Cir. Aug. 13, 2013).

The Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's subjective testimony.

### c. Reason No. 3: Lack of Supporting Objective Medical Evidence

The remaining reason for discounting Plaintiff's subjective testimony—lack of supporting objective evidence—cannot form the sole basis for discounting pain testimony. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot

form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

///

///

The ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective testimony. Accordingly, remand is warranted on this issue.

### B. The Court Declines to Address Plaintiff's Remaining Arguments

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### C. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court

retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

///

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective testimony.

On remand, the ALJ shall reassess Plaintiff's subjective allegations in light of SSR 16-3p – Evaluation of Symptoms in Disability Claims, 2016 WL 1119029 (Mar. 16, 2016), which would apply upon remand. The ALJ shall then reassess Plaintiff's RFC in light of the reassessment of Plaintiff's subjective allegations and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

## V. <u>CONCLUSION</u>

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: December 28, 2017

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**